UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, MINNEHAHA COUNTY STATES ATTORNEYS OFFICE, MELLISA SOMMORS, Attorney for the Minnehaha County Public Defender's Office; MARK KADI, Attorney for Public Advocates Office, and TIM HERSCHBERGER, Attorney for the Minnehaha County Public Defender's Office,<br><br>　　　　　　　Defendants. | 4:20-CV-04151-RAL<br><br><br>28 U.S.C. § 1915 SCREENING ORDER FOR SERVICE IN PART AND DISMISSAL IN PART AND ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND DENYING MOTION TO APPOINT COUNSEL |

　　　　Plaintiff Daniel José Gomez filed a pro se civil rights lawsuit under 28 U.S.C. 1983. Doc. 1 at 2–3. Gomez filed a motion to amend his complaint. Doc. 6. Gomez also moves for leave to proceed without prepayment of fees and appointment of counsel. Docs. 2, 3.

I.　　**Motion for Leave to Proceed without Prepayment of Fees**

　　　　Gomez moves for motion for leave to proceed without prepayment of fees. Doc. 2. A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma

pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Gomez's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Gomez's motion for leave to proceed without prepayment of fees, Doc. 2, is granted.

## II.   Motion to Amend

Gomez filed a "motion to amend complaint to include defendant." Doc. 6. It appears Gomez would like to add the Minnehaha County Jail as a defendant. Id. at 1. Additionally, Gomez request that his amended complaint be "merge[d]" with his original complaint. Id. at 6. Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). "[A]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with procedural and local rules." Walker v. Shafer, No. 16-CV-5121-JLV, 2019 WL 1369594, at *1 (D.S.D. Mar. 26, 2019) (citation omitted); see Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). The District of South Dakota's Local Rules state that "any party moving to amend a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1.

Here, Gomez did not comply with the local rules. His motion to amend does not contain an attachment of his proposed amended pleading. See Doc. 6. Instead, Gomez's motion to amend and his proposed additions are contained in one document. See id. Gomez also alleges additional facts regarding the original defendants, but fails to articulate facts regarding the defendant he wishes to add to his action. Id. at 7–8. Additionally, Gomez's amended motion is premised on the summary judgment standard. Id. at 2–3. Because Gomez's motion to amend does not comply with

2

the local rules, the court denies Gomez's motion to amend, Doc. 6, and will screen Gomez's original complaint, Doc. 1, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## III. Allegations of Gomez's Complaint

Gomez alleges that Tim Herschberger, an attorney for the Minnehaha County Public Defender's Office, deprived Gomez of his right to a speedy trial and effective assistance of counsel. Doc. 1 at 11. Herschberger was assigned to Gomez's original criminal case. Id. at 10, 11. Gomez claims that Herschberger was "adamant" about Gomez waiving his right to a speedy trial and pleading guilty to a lesser charge. Id. at 11. Gomez alleges that he never intended to plead guilty or waive his speedy trial rights; instead, he demanded a speedy trial. Id. After this discussion with Herschberger, Gomez had a court hearing. Id. At the hearing, Gomez had Herschberger removed from the case. Id.

Julie Hoffer (not a named Defendant) was assigned to Gomez's case despite Gomez's objections against her office being appointed because Gomez alleges that he had previous ineffective assistance of counsel from Hoffer. Id. Although Gomez voiced these concerns to the court, Hoffer was still assigned to the case. Id. Hoffer reassigned the case to Mark Kadi, an attorney at the Public Advocates Office. Id. at 10, 11. Gomez claims that Hoffer conspired with Kadi to deprive Gomez of his right to effective assistance of counsel. Id. at 11.

Once Kadi was assigned to his case, Gomez forwarded his emails with Herschberger regarding speedy trial to Kadi and Hoffer. Id. Gomez claims that Kadi deprived Gomez of his right to a trial by coercive threats and duress in an attempt to have Gomez waive that right and plead guilty. Id. Gomez did not agree to this. Id. Gomez claims that Kadi emailed Gomez, stating his case was dismissed. Id. However, Gomez alleges that a resisting arrest warrant regarding the

3

"dismissed" case was issued for Gomez. Id. Melissa Sommers, an attorney at the Minnehaha County Public Defender's Office, was appointed to Gomez's resisting arrest case. Id. at 10, 11.

Gomez claims that the state of South Dakota, who was represented by the Minnehaha County State's Attorney's Office, conspired with all the defendants to deprive Gomez of his rights. Id. at 11. Gomez contends that the speedy trial rule's 180-day deadline for an entry of plea of guilty, negotiations of guilt, or for a trial by jury has passed. Id. Yet, South Dakota and the State's Attorney's Office "took it upon itself to reinitiate" those charges after the 180-day deadline. Id. Gomez's trial was scheduled beyond the 180-day deadline. Id. Gomez claims that the State did not show good cause as to why Gomez's speedy trial date should be set back or why the proceedings should be delayed. Id. Gomez alleges that he did not abscond or waive his rights to a speedy trial. Id.

Gomez claims that the State then dismissed his two criminal cases (original charge and the resisting arrest charge) again in the same fashion—meaning that "these cops can come arrest [him] in a week or 2 months or another year from now with the same charges again and the same information from last year[.]" Id. at 12. He alleges that this goes against his speedy trial rights. Id. Gomez argues that the State is essentially waiving Gomez's speedy trial rights when they dismiss a case "when it feels it has a weak case or because they [cannot] intimidate unwilling witness[es] in showing up...." Id. Gomez alleges that the "continued malicious prosecution" of his case is "illegal and malicious." Id.

Gomez requests that his criminal cases be dismissed with prejudice and that opposing and assigned counsel should be fined $500 under South Dakota law. Id. He also requests monetary damages of $1 million. Id. at 14, 15. He requests injunctive relief against the State of South Dakota's "misuse of dismissals without prejudice that cause undue delays to [defendants'] rights

4

to speedy trials" by discontinuing the "separate dismissals with/without prejudice" and "require [the State of South Dakota] to petition and show good cause for delays or extensions...." Id. at 14. Gomez also requests the legalization of recreational marijuana, THC, and byproducts and injunctive relief to allow remote electronic filings for petitions. Id. at 14–15.

### IV. Discussion

#### A. Screening and Dismissal Standards

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). Under 28 U.S.C. § 1915(e)(2)(B), the court must screen complaints and dismiss them if they are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief."

The court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations ... [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

**B.   Analysis**

**1.   Claims Against the State of South Dakota**

Gomez sues the state of South Dakota. Doc. 1 at 1, 10. The Supreme Court of the United States has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 65 (1989) (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). Gomez's claims against the state of South Dakota are barred by the Eleventh Amendment and dismissed under 28 U.S.C. § 1915(e)(2)(B).

**2.   Claims Against Minnehaha County State's Attorney's Office**

Gomez asserts Sixth Amendment claims against the Minnehaha County State's Attorney's Office. Doc. 1 at 2, 10, 11. "[N]either municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior." Rogers v. King, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Thus, a governmental entity is liable under § 1983 "only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the

6

constitutional violation...." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987); see also Monell, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct." Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (citation and quotation marks omitted). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Gomez alleges that the State's Attorney's Office misuses the practice of dismissing cases without prejudice and reinitiating charges after a 180-day period. Doc. 1 at 11, 14. Gomez stated that he has had three state criminal cases dismissed in this manner and fears that he could later be arrested on the same charges and information later. Id. at 12. Gomez contends that this practice violates his speedy trial rights under the Sixth Amendment and causes undue delays to criminal defendants. Id. Based on Gomez's alleged facts, "one could begin to draw an inference that the conduct complained of, namely, [repeated dismissals and reindictments of cases], resulted

from an unconstitutional policy or custom" of the Minnehaha County State's Attorney's Office. Doe, 340 F.3d at 614. Overall, these allegations suffice at this preliminary stage of the case to make out a § 1983 claim against the Minnehaha County State's Attorney's Office.

### 3. Official Capacity Claims

Gomez asserts Sixth Amendment claims against Tim Herschberger, Mark Kadi, and Melissa Sommers (public defenders). Doc. 1 at 1, 10. Because the complaint did not specifically name Herschberger, Kadi, and Sommers in their individual capacity, the Court presumes that they were sued only in their official capacity. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). A suit against a governmental employee in his or her official capacity is treated as a suit against the governmental agency for which the employee works. Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Hess v. Ables, 714 F.3d 1048, 1054 (8th Cir. 2013). Because Herschberger, Kadi, and Sommers are Minnehaha County public defenders/advocates, Gomez's claims against them in their official capacities are the equivalent to claims against Minnehaha County. And as stated above, a governmental entity like Minnehaha County may not "be held liable for unconstitutional conduct under a theory of respondeat superior." Rogers, 885 F.3d at 1122–23 (citing Monell, 436 U.S. at 691). Instead, for a governmental entity to liable under § 1983, "the entity's official 'policy or custom' must have 'caused' the constitutional violation...." Clay, 815 F.2d at 1170.

Here, Gomez claims that Herschberger violated his rights to a speedy trial and effective assistance of counsel by encouraging Gomez to waive his speedy trial rights. Doc. 1 at 11. Next, Gomez contends that Kadi deprived him of his right to a trial by threats and conspired to deprive Gomez of his right to effective assistance of counsel. Id. Gomez also claims that Sommers

conspired to deprive Gomez of all his rights. Id. Overall, Gomez fails to allege that these defendants' actions stem from an unconstitutional policy or custom of Minnehaha County and that the policy or custom caused these injuries. Gomez's claims against Tim Herschberger, Mark Kadi, and Melissa Sommers in their official capacity are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

V.  **Motion for Appointment of Counsel**

Gomez moves for appointment of counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." "[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

When determining whether to appoint counsel to a pro se litigant, the Court will look at the factual and legal complexity of the claims. The Eighth Circuit considers: "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986) (holding that the district court erred when it denied plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Gomez's claims do not appear to be factually or legally complex. See Doc. 1. Additionally, Gomez is not in custody and will able to investigate the facts. Because this Court believes Gomez can adequately present his sole remaining claim at this time, his motion for appointment of counsel, Doc. 3, is denied.

VI.  **Order**

Accordingly, it is hereby

ORDERED as follows:

1. Gomez's motion for leave to proceed without prepayment of fees, Doc. 2, is granted.

2. Gomez's motion to amend, Doc. 6, is denied.

3. Gomez's complaint is dismissed in part under 28 U.S.C. § 1915(e)(2)(B). Gomez's Sixth Amendment claim against the Minnehaha County State's Attorney's Office survives initial screening, but his claims against the State of South Dakota, Tim Herschberger, Mark Kadi, and Melissa Sommers are dismissed without prejudice.

4. Gomez's motion for appointment of counsel, Doc. 3, is denied.

5. The clerk of court is directed to send blank summons forms and U.S. Marshals Service Form (Form USM-285) to Gomez so he may cause the summons and the complaint to be served upon the defendant, Minnehaha County State's Attorney's Office.

6. Gomez shall complete and send the Clerk of Courts a summons and USM-285 form for the defendant, Minnehaha County State's Attorney's Office. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

7. The United States Marshals Service shall serve a copy of the complaint, Doc. 1, summons, and this Order upon the Minnehaha County State's Attorney's Office.

8. Defendant will serve and file an answer or responsive pleading to the remaining claim in the complaint on or before 21 days following the date of service, unless this Court, on motion, grants a longer time period within which to answer.

9. Gomez must keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending.

DATED December __3rd__, 2020.

                                            BY THE COURT:

                                            ROBERTO A. LANGE
                                            CHIEF JUDGE