UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ, | 4:20-CV-04151-RAL |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |
| MINNEHAHA COUNTY STATES ATTORNEYS OFFICE, | |
| Defendant. | |

Plaintiff Daniel Jose Gomez filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Gomez leave to proceed in forma pauperis. Doc. 8. This Court directed service of Gomez's complaint on Defendant. Gomez now has several motions pending before this Court. Docs. 16, 27, 28.

**I.   Motion to Re-Open**

Gomez seeks to re-open a previous lawsuit, Gomez v. Davis et al., 4:09-CV-04142-LLP, under Federal Rule of Civil Procedure Rule 60(b). Doc. 27. Gomez claims his complaint in that § 1983 case filed in 2009 was dismissed prematurely. Doc. 27 at 1. Gomez's § 1983 lawsuit was based on an alleged unconstitutional arrest. See Gomez v. Davis et al., 4:09-CV-04142-LLP, Doc. 32 at 2. The Court dismissed his complaint as premature under Heck v. Humphrey, 512 U.S. 477 (1994), because Gomez failed to show that a state or federal habeas petition declared or reversed his underlying conviction as unconstitutional. Gomez v. Davis et al., 4:09-

1

CV-04142-LLP, Doc. 32 at 2. Judgment was entered against Gomez on December 22, 2009. Gomez, 4:09-CV-04142-LLP, Doc. 33.

Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Gomez cites to Rule 60(b)(1), but does not offer any explanation as to why he should be relieved from a final judgment based on excusable neglect. See Doc. 27. After review of his motion, the only conceivable ground for relief from the final judgment is for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Gomez has made no such showing.

Additionally, a Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion." Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004) (cleaned up and citation omitted). The Eighth Circuit has found a three-year delay in making a Rule 60(b) motion to be unreasonable. Id.; see also Nucor Corp. v. Neb. Pub. Power Dist., 999 F.2d 372, 374–75 (8th Cir. 1993) (holding that a three and one-half year delay was unreasonable). Here, Gomez challenges a final judgment filed in 2009. He brings his

motion over eleven years after the Judgment entered. Gomez's delay is unreasonable and his motion to re-open is denied.

## II.   Motion in Limine

Gomez moves to prohibit Defendant from introducing evidence of his prior criminal record. Doc. 28. At this time, Gomez's lawsuit is still in the discovery stage and his motion in limine is premature. If Gomez's lawsuit is scheduled for trial, he may raise this motion at that time. Gomez's motion, Doc. 28, is denied at this time.

## III.  Motion for Summary Judgment

Gomez's motion for summary judgment, Doc. 16, is denied for the following reasons. First, Gomez has not complied with Federal Rule of Civil Procedure 56(c). Rule 56(c) requires a moving party to support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The movant bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of a genuine issue." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). Here, Gomez does not support his factual assertions by citing to materials in the record, and thus failed to identify portions of the record that lack a genuine issue. See Doc. 20.

Second, Gomez has not complied with this Court's Civil Local Rules. "The application of local rules is a matter peculiarly within the district court's province." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (cleaned up and citation omitted); Reasonover v. St. Louis Cnty., 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules."). Although pro se pleadings are to be construed liberally, pro se litigants are

3

not excused from compliance with procedural and local rules. Ziegler v. Norton, No. Civ. 04-4098, 2006 WL 571866, at *1 (D.S.D. Mar. 6, 2006). Local Rule 56.1(A) states that a motion for summary judgment "must be accompanied by a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried. Each material fact must be presented in a separate numbered statement with an appropriate citation to the record in the case." D.S.D. Civ. LR 56.1(A). Here, Gomez filed a separate and concise statement of material facts, Doc. 20, but his facts do not cite to the record. He merely restates factual allegations made in his complaint.

Finally, Gomez's motion for summary judgment is premature. "The general rule is that summary judgment is appropriate 'only after the nonmovant has had time for discovery.'" Jackson v. Riebold, 815 F.3d 1114, 1121 (8th Cir. 2016) (quoting Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014)). Here, Defendant filed an answer on December 31, 2020. Doc. 12. Four days after Defendant filed an answer, Gomez filed a motion for summary judgment prior to any realistic opportunity for discovery. Doc. 16. For the reasons stated above, Gomez's motion for summary judgment, Doc. 16, is denied.

## IV. Order

Accordingly, it is

ORDERED that Gomez's motion to re-open, Doc. 27, is denied. If is further

ORDERED that Gomez's motion in limine, Doc. 28, is denied at this time, but may be refiled if and when a trial date is set. It is finally

ORDERED that Gomez's motion for summary judgment, Doc. 16, is denied at this time.

DATED April 12th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE