UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL JOSE GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>MINNEHAHA COUNTY STATES ATTORNEYS OFFICE,<br><br>Defendant. | 4:20-CV-04151-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Daniel Jose Gomez filed a pro se lawsuit under 42 U.S.C. § 1983, alleging that defendants violated his speedy trial rights by repeatedly charging him, dropping the charges without prejudice, and charging him again for the same crime and the same set of facts. Doc. 1. This Court granted Gomez leave to proceed in forma pauperis. Doc. 8. This Court screened Gomez's complaint, dismissed his claims against other defendants, and directed service of Gomez's complaint upon the Minnehaha County State's Attorney Office ("State's Attorney Office"). Id. at 10. The State's Attorney Office has filed a motion for summary judgment. Doc. 38. Gomez now has several motions pending before this Court. Docs. 52, 53, 56, 58, 62. For the reasons explained below, this Court grants the State's Attorney Office's motion for summary judgment on all claims.

I.  **Facts**

Gomez claims that the state of South Dakota, through the State's Attorney Office, conspired with Melissa Sommers,[1] Mark Kadi, and Tim Herschberger,[2] three defendants in this action against whom claims have been dismissed, to deprive him of his rights. Doc. 1 at 11. He claims that South Dakota's speedy trial rule 180-day deadline has passed and that prosecutors dismissed the charges and then reinitiated charges for the same set of facts, resulting in a trial date beyond the 180-day deadline. Id. He alleges that the State's Attorney Office has a custom of dismissing and reinitiating charges in this manner, having done so against him repeatedly. See id. at 11-12. In subsequent filings in this case, Gomez also makes several other allegations regarding his right to effective assistance of counsel, his right to be free from double jeopardy, alleged abuse by Minnehaha County Jail employees, and other allegations of constitutional deprivations that are not before the Court at this time. See, e.g., Doc. 58 at 2, 4-6.

Under Local Rule 56.1, the State's Attorney Office filed a statement of undisputed material facts, along with three affidavits and a memorandum in support of the motion. Docs. 39, 40, 41, 42, 43. In response, Gomez filed a "Rebuttal to States Summary Judgment[.]" Doc. 44. Under Local Rule 56.1.B., a party opposing summary judgment "must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. CIV LR 56.1.B. Because Gomez failed to do so, this Court issued an order on September 22, 2021, giving Gomez an additional 21 days to file a

---

[1] Gomez named Mellisa Sommors as a defendant in this case. Doc. 1 at 1. According to emails exchanged with Sommers attached to Gomez's complaint, her actual name is Melissa Sommers. Doc. 1-1 at 8. This order will refer to Sommers by her actual name.
[2] Sommers and Kadi are attorneys employed by the Minnehaha County Public Defender's Office. Doc. 1 at 1. Kadi is an attorney employed by the Minnehaha County Public Advocate Office. Id. All three were appointed to represent Gomez at different points in his various criminal cases. Id. at 11.

response which specifically responds to each numbered paragraph in the State's Attorney Office's statement of material facts. Doc. 48. Although Gomez has filed multiple pleadings since then, including a response in opposition to two of the State's Attorney Office's submitted affidavits, Doc. 57, he has not responded specifically to each numbered paragraph in the statement of material facts as required by Local Rule 56.1.B. Thus, under Local Rule 56.1.D, all material facts set forth in the State's Attorney Office's statement of undisputed material facts can be deemed admitted. D.S.D. CIV LR 56.1.D. This Court will draw facts primarily from that statement of undisputed material facts.

The State's Attorney Office in its filings provided details as to the charges that Gomez alleges violate his speedy trial rights. Doc. 39 ¶¶ 1-13. Gomez was first charged in a criminal complaint with a felony and two misdemeanors on March 20, 2019, after allegedly violating a protection order on or about March 10, 2019. Id. ¶ 1. On April 18, 2019, a Minnehaha County Grand Jury indicted Gomez on the same charges. Id. ¶ 2. The State's Attorney Office chose to dismiss without prejudice on August 16, 2019, because the alleged victim, a critical witness, was no longer cooperating with the prosecution. Id. ¶ 4.

Gomez was next charged by criminal complaint on August 23, 2019, with one misdemeanor for allegedly violating a protection order on or about February 15, 2019. Id. ¶ 7. Gomez was later charged by criminal complaint on April 20, 2020, with two misdemeanors for allegedly violating a protection order and resisting arrest on or about April 17, 2020. Id. ¶ 9. The State's Attorney Office, on June 24, 2020, chose to dismiss without prejudice the charges related to events on February 15, 2019, and April 17, 2020, because the alleged victim, a critical witness, was no longer cooperating with the prosecution. Id. ¶ 11. At no point have the charges

from any of the three incidents been "refiled, reindicted, or reinitiated in any manner." Id. ¶¶ 6, 13.

## II. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) places the burden on the moving party to establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must establish that a material fact is genuinely disputed by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(A), (B); see also Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145-46 (8th Cir. 2012). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials" in his pleading but "must set forth specific facts showing that there is a genuine issue for trial." Gacek, 666 F.3d at 1145-46 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)); see also Mosley v. City of Northwoods, 415 F.3d 908, 910 (8th Cir. 2005) (stating that a nonmovant may not merely rely on allegations or denials). In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

4

### III. Discussion

#### A. Amenability of the State's Attorney Office to Suit

The State's Attorney Office argues that it is not amenable to suit because South Dakota law does not permit it to sue or be sued. Doc. 43 at 4-5. Under Federal Rule of Civil Procedure 17(b)(3), capacity to sue or be sued for entities other than individuals not in a representative capacity or corporations is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). One exception to this rule allows that "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]" Fed. R. Civ. P. 17(b)(3)(A). Under Article 3, Section 27 of the South Dakota Constitution, "[t]he Legislature shall direct by law in what manner and in what courts suits may be brought against the state." S.D. Const. art. III, § 27. South Dakota state law allows for counties "to sue and be sued, plead and be impleaded, in any court in this state." SDCL § 7-18-1. South Dakota Codified Laws 7-16, the chapter governing state's attorneys, does not contain a similar section sanctioning suits by or against a state's attorney office. See SDCL 7-16. Thus, South Dakota law authorizes suits against a county but not against the state's attorney office of that county.

The United States Court of Appeals for the Eighth Circuit has explained that the exception contained in Fed. R. Civ. P. 17(b)(3) only applies when the entity in question has no capacity to sue or be sued under state law. Lundquist v. Univ. of S.D. Sanford Sch. of Med., 705 F.3d 378, 380 (8th Cir. 2013). "When state law *does* grant such an entity the capacity to sue or be sued, but specifies the manner in which that capacity may be exercised, state law limitations on the manner of exercise apply." Id. at 380-381. Because state law allows Gomez to bring his claims against Minnehaha County, Fed. R. Civ. P. 17(b)(3)(A) does not authorize an exception to

5

state law allowing Gomez to bring claims against the State's Attorney Office. Therefore, the State's Attorney Office is not amenable to suit.

**B.     Gomez's Speedy Trial Claim**

Even if the State's Attorney Office were amenable to suit, the State's Attorney Office argues that Gomez has not suffered a constitutional injury and his claim is unripe. Id. at 9-11. There can be no § 1983 claim without a violation of constitutional rights. Malone v. Hinman, 847 F.3d 949, 955-956 (8th Cir. 2017); see also 42 U.S.C. § 1983 (allowing claims against "[e]very person who . . . subjects, or causes to be subjected, [any person] to the deprivation of rights, privileges, or immunities secured by the Constitution and laws"). The undisputed facts show that Gomez was charged three times for three separate incidents and that these charges were dismissed without prejudice after the alleged victim declined to cooperate with the prosecution. Doc. 39 ¶¶ 1, 4, 7, 9, 11. Gomez alleges that his speedy trial rights have been violated because he has been charged repeatedly for the same incident, but this is not the case. See id. Even assuming that the practice he alleges would violate his speedy trial rights, Gomez fails to show a constitutional injury because the undisputed facts demonstrate that a speedy trial right violation did not occur and therefore, he suffered no harm from any delayed trial.

Gomez also alleges that because the charges were dismissed without prejudice, the possibility of those charges being brought in the future is a violation of his speedy trial rights. Doc. 1 at 12. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " Parrish v. Dayton, 761 F.3d 873, 875-76 (8th Cir. 2014) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). Gomez's claim is contingent on the dismissed charges being refiled in the future, which may or may not occur. Even if somehow refiling the same charges dismissed earlier without prejudice due to an

alleged victim not cooperating were to be viewed as a violation of Gomez's speedy trial rights, Gomez's claim is not ripe until that occurs.

### IV. Conclusion and Order

The State's Attorney Office is not amenable to suit, Gomez has not suffered a constitutional injury, and his claims alleging a constitutional injury are not ripe. Thus, the State's Attorney Office is entitled to summary judgment. It is hereby

ORDERED that the State's Attorney Office's Motion for Summary Judgment, Doc. 38, is granted. It is further

ORDERED that Gomez's motion to stay, Doc. 52, motion to consolidate cases, Doc. 53, renewed motion to appoint counsel, Doc. 56, motion to amend complaint, Doc. 58, and motion for discovery, Doc. 62, are denied as moot. It is further

ORDERED that Gomez's motion to submit additional evidence, Doc. 65, is granted to the extent that Gomez's attached documents related to a state court proceeding are filed in this Court's CM/ECF record.

DATED this 22nd day of February, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE